STATE OF MISSOURI, Respondent, v. R. M. BUCKNER, Appellant.

Kansas City Court of Appeals, January 25, 1886.

1. CRIMINAL LAW—INDICTMENT AS DRUGGIST—LICENSE—PRESCRIPTION. Where one was indicted as a druggist for selling intoxicating liquors, etc., without having a dramshop keeper's license, and without being prescribed by a regularly registered physician; and the sale was charged to have been made on March 30, 1882. *Held*, that at the time the offence is alleged to have been committed, one, who

was a druggist, might lawfully sell intoxicating liquors without the prescription of a physician, but could not sell or give away any alcoholic liquors *as a beverage*, and that the indictment, not having so charged, is fatally defective.

2. ——— PROOF OF VENUE.—Where there is nothing in the record showing that proof of the *venue* was made, the judgment must be reversed.

APPEAL from Polk Circuit Court, HON. BEN. V. ALTON, Judge.

*Reversed and remanded.*

The case is stated in the opinion.

EMERSON & UNDERWOOD, and F. P. WRIGHT, for the appellant.

I. There was no evidence whatever that the offence was committed in Polk county and judgment should have been arrested. *State v. Babb*, 76 Mo. 501 ; *State v. Burgess*, 75 Mo. 245 ; *State v. Britton*, 80 Mo. 60.

II. The indictment is bad. It charges defendant with selling liquors, as a *druggist*, without a dramshop license, and without a prescription by a physician, neither of which was necessary. The indictment, failing to charge that the liquor was sold *as a beverage*, or not as a medicine, is clearly bad. *State v. McAdoo*, 80 Mo. 216 ; Laws 1881, p. 130 ; Revised Statutes, 1879.

III. The court erred in permitting persons, whose names were not indorsed on the indictment, to testify, without introducing at least some of the witnesses whose names were so indorsed. The statute (section 1802, Revised Statutes) contemplates this. The court also erred in refusing to permit defendant to testify whether he had knowledge that it would be used as a beverage, or as a medicine.

IV. The court erred in the instructions given for the state. The *first* was calculated to mislead the jury. There was no evidence to sustain the *second*. The *third* was a comment on the evidence. And as to the *fourth*

there was no evidence whatever that the offence was committed in Polk county. Besides, they are in conflict with those given by the court of its own motion. *Goetz v. Han. & St. Jo. R. R.*, 50 Mo. 472.

V. The court erred in refusing to give defendant's second, third, sixth, and seventh instructions.

ELLISON, J.—The defendant was indicted as a druggist and dealer in drugs and medicines, for selling intoxicating liquors in less quantities than one gallon, without having a dramshop keeper's license, and without being prescribed by a regularly registered physician. The indictment was found on April 29, 1882, and charges the sale to have been made on March 30, 1882.

The trial below resulted in a conviction of defendant and he appeals. The judgment will have to be reversed for the reason that there is no proof of the venue. There is nothing in the evidence preserved showing the act charged was committed in Polk county.

At the time the offence is alleged to have been committed, the act of March 26, 1881 (Laws 1881, page 130), was in force ; that act having repealed chapter 100, pages 1075-6, Revised Statutes. *State v. Scott, ante,* p.—.

One who was a druggist, under the act of 1881, might lawfully sell intoxicating liquors without the prescription of a physician.

But such druggist could not "retail, sell or give away any alcoholic liquors or compounds as a beverage." In order, therefore, for a druggist to have committed any offence under that act, he must have sold the liquor as a beverage.

The indictment not having so charged it is fatally defective.

The judgment is reversed and the cause remanded. The other judges concur.